No. 14,444.

VIGIL *v.* THE PEOPLE.
(86 P. [2d] 253)

Decided December 19, 1938.

Messrs. PHELPS & GOBIN, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. REID WIL-
LIAMS, Assistant, for the people.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the
court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced to a term of from one to nine years in the penitentiary on a verdict of guilty of obtaining $21.60 by false pretenses. To review that judgment he prosecutes this writ and asks that it be made a supersedeas.

The eight assignments raise only the question of the sufficiency of the evidence.

One Angelo Perez had been fined $75 in the Pueblo municipal court and in default of payment was in jail. Defendant visited him there and represented that he had arranged with the magistrate to reduce the fine to $50 and release Perez on payment thereof. The fine was in fact reduced to $20. The people maintained that defendant had obtained $50, paid the $20 and some other items, and kept for himself, as the jury found, $21.60. Defendant moved to correct this verdict by reducing the finding of the amount to $9, which he insisted was the maximum unaccounted for as shown by the people's evidence. The motion was denied. Defendant's contentions here are: (1) The alleged false representations were not of an existing fact; (2) the money was not obtained from Perez, but from his wife; (3) the computation was erroneous.

1. It is contended that when defendant made the alleged representations as to the fine, the arrangement was in fact for a reduction to $50, and that the further reduction to $20 was made later. The evidence is confusing and the justifiable inferences are conflicting. The question was for the jury.

2. The money was paid by the wife, but the evidence is clear that it belonged to Perez and was paid by his direction and on defendant's solicitation from him, hence the representation was made to Perez and the money obtained from him.

3. There is evidence which, if believed, would reduce the amount in question to approximately what defendant claims. But there is evidence to the contrary and this was also for the jury.

In further explanation of the foregoing, and the conclusions clearly reached by this jury, we should add that defendant admits making a practice of similar transactions. He had never met Perez until negotiations were opened between them. He was in the court room when Perez was fined and seized the opportunity to transact his usual business. He collected for his supposed services in addition to what he is charged with wrongfully obtaining. He is referred to by one of the witnesses as "the Mexican consul," but there is no other evidence that he occupied such a position. He admits having intervened in this way in from 100 to 150 cases. If the jury believed that the instant case was but one of a large class in which he worked petty graft upon the ignorant and unfortunate the record justifies that belief. The short minimum and the long maximum in this sentence enabled the court to exercise such supervision over defendant as would safeguard probable victims from his future operations.

The judgment is affirmed.

Mr. Justice Hilliard, Mr. Justice Bakke and Mr. Justice Holland concur.